[Walton v. T. C. I. & R. R. Company.]

# Walton *v.* T. C. I. & R. R. Company.

*Personal Injury Action by Employe.*

(Decided April 14, 1910.   52 South. 328.)

1. *Master and Servant; Injury to Servant; Repairing Defect.*— Where an employe is directed to repair a switch on a railroad belonging to a master and is injured, no breach of duty owing from the employer to the employe at the particular time can be attributed to a defect in the switch, under subdivisions 1 and 2 of section 3910, Code 1907, since the employe's business at the time he was injured was to repair or remedy the defect.

2. *Same; Negligence; Necessity of Showing.*—That a servant was ·injured while doing that which his contract required him to do did not charge liability upon the employer, in an action brought under the Employer's Liability Act, since it was necessary that negligence on the part of the employer be shown under some subdivision of said Act.

3. *Same; Evidence; Jury Question.*—Where the jury would have been justified from plaintiff's own testimony in referring plaintiff's injuries to inevitable accidents (accident which prudence on the part of the employer, or those employes standing in place of responsibility in respect to plaintiff could not have anticipated) or to have referred it to the negligence of plaintiff's co-employe, a fellow servant, there was nothing in either aspect of the case, which was brought under subdivisions 1 and 2 of sections 9 and 10, Code 1907, to require a submission of the case to the jury, and the court properly directed a verdict for the defendant.

APPEAL from Jefferson Circuit Court.

Heard before Hon. A. A. COLEMAN.

Action by Joe Walton against the Tennessee Coal, Iron & Railroad Company. Judgment for defendant, and plaintiff appeals. Affirmed.

The complaint contains five counts, under subdivisions 1 and 2 of the employer's liability act (Code 1907, § 3910). It appears from the testimony of the plaintiff that he was working on the narrow-gauge railroad track at the time he was injured; that the track was used in connection with the furnaces of the defendant, and belonged to the defendant; that at the time of the injury

the superintendent, under whom he was at work, was screwing up one of the switches, and instructed plaintiff to pour oil on it while another employe raised it up, and that when it was raised up it came over and hit his foot; and that he was unable to say what was the matter with the switch.

W. T. EDWARDS, for appellant. If the evidence showed that the defect could have been discovered by inspection, the case should have been submitted to the jury.—*Bir. R. M. Co. v. Rockhold,* 143 Ala. 115. It was a question for the jury to say whether or not the defendant was guilty of negligence.—*Bir. R. M. Co. v. Meyer,* 150 Ala. 344. The evidence supported the second count of the complaint.—*R. C. Mfg. Co. v. Hamlin,* 144 Ala. 192; *S. S. & I. Co. v. Holloway,* 144 Ala. 280.

PERCY, BENNERS & BURR, for appellee. Counsel insist that in any aspect of the case the evidence was not sufficient to require its submission to the jury, and that the court properly directed a verdict for the defendant.

SAYRE, J.—The plaintiff alone testified to the manner in which he received his injury. It seems that there was some defect in the switch, but that fact cannot be attributed to any breach of duty owing from the defendant to the plaintiff at the particular time, for the plaintiff's business at that time was to repair the defect. As for other aspects of the case, we have been unable, after repeated readings of the plaintiff's testimony, to find anything upon which a jury might hang a verdict for the plaintiff. The fact that plaintiff was hurt while in the employment of the defendant, and while engaged in doing what his contract of employment required him to do, did not suffice to charge lia-

bility therefor upon the employer. It was necessary that negligence be shown under some subsection of the statute. This the plaintiff failed to do. On his own account of what occurred the jury would have been justified in referring plaintiff's injury to inevitable accident only; that is, accident which prudence on the part of defendant, or those employes standing in places of responsibility in respect to plaintiff, could not have anticipated, or they might have referred it to the negligence of plaintiff's co-employe Burdett. But Burdett was a fellow servant without more. He stood in no such relation to plaintiff, nor had charge for defendant of any such instrumentality, as that the employer's liability act imposed liability upon the common master for his negligence. There was nothing to take the case to the jury, and the general charge was well given for the defendant.

Affirmed.

DOWDELL, C. J., and ANDERSON and McCLELLAN, JJ., concur.